IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:  Case No.: 16-4371-JCO
Dixie Langley,  Chapter 7
   *Debtor*.

MEMORANDUM OPINION AND ORDER

This matter came before the Court for a hearing on January 15, 2019, on the Chapter 7 Trustee, Daniel Parker Sweet's Motion to Determine Relative Priority of Claims Against Settlement Funds, (Doc. 56). The Chapter 7 Trustee, Daniel Parker Sweet (hereinafter, "Trustee") was present. No other party or party in interest was present.

JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has authority to enter a final order.

FACTS AND PROCEEDINGS

In October of 2016, Debtor was involved in a motor vehicle accident which formed the basis of a personal injury action in state court. As a result of the motor vehicle accident, USA rendered care to the Debtor for the total amount of $43,245.96. The state court action was settled for the gross amount of $25,000.00. On February 28, 2017, the Debtor passed away for reasons separate from the motor vehicle accident. Debtor was unmarried at the time of her passing, and is survived by her mother, Patricia B. Allen, and her adult son, Robert C. Langley. Debtor left no valid will, and no probate estate was opened for the Debtor. Of the $25,000.00 settlement proceeds, the Debtor claimed $6,832.50 as exempt pursuant to Ala. Code § 43-8-42. (Doc. 51).

That amount fell within the $7,500.00 exemption limit under Alabama law for surviving children and, at the Trustee's request, was approved by this Court to be disbursed to the heir of the Debtor, Robert C. Langley. Ala. Code 43-8-111; (Docs. 51, 54). Before the Trustee disbursed the exempt amount, he learned that USA was asserting a secured claim in the amount of $43,245.96 secured by a statutory hospital lien against the settlement proceeds. *See* Claim Number 4. Because USA's statutory hospital lien exceeds the gross amount of the settlement proceeds, there would be no equity therein for the Debtor or her heir to exempt. Accordingly, the Trustee filed the present Motion to Determine (Doc. 56), which was called for a hearing on November 27, 2018. The Trustee was present, as was counsel for USA, Thomas Boller. Also present was Debtor's mother, Patricia B. Allen. The Court heard argument from the parties and ordered USA to brief the issue of lien priority, which it did. (*See* Doc. 61). The motion is now ripe for determination.

CONCLUSIONS OF LAW

The issue presented is whether the Debtor may exempt any portion of the settlement proceeds stemming from her motor vehicle accident over the objection of USA, which claims it has a statutory hospital lien against the full amount of settlement proceeds, thereby entitling USA to the full amount of settlement proceeds as payment for the care rendered to Debtor. For the following reasons, the Court finds that USA has a priority statutory hospital lien and is entitled to the full amount of settlement proceeds for the care it rendered to the Debtor following the motor vehicle accident.

Statutory Liens

A statutory lien is one that is created by statute, arises automatically and is not based on an agreement to give a lien or on judicial action. 5 Collier on Bankruptcy P 545.01 (16th 2018);

11 U.S.C. 101(53). Under Alabama law, which is the applicable law in this case, a "hospital in this state shall have a lien for all reasonable charges for hospital care, treatment, and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims, and demands accruing to the person to whom such care, treatment, or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements, and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements, or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien." Ala. Code § 35-11-370. Based on the law set out above, this Court finds that USA has a statutory hospital lien which satisfies the definition of such under Alabama and bankruptcy law.

## Lien Priority

Having found that USA has a statutory hospital lien, the Court must now determine what priority attaches to USA' lien in relation to Debtor's exemptions. Based on the relevant bankruptcy law set out below, this Court finds that USA's lien takes priority over the Debtor's exemptions.

While USA's lien might appear to constitute an avoidable preference under 11 U.S.C. § 547(b), it is statutorily excluded from being avoided by the trustee pursuant to §§ 547(c)(6) and 545. Section 547(c)(6) states explicitly that a trustee may not avoid a transfer that is "the fixing of a statutory lien that is not avoidable under section 545" of the Bankruptcy Code. 11 U.S.C. 547(c)(6); *In re Spejcher,* 2006 WL 6592065, at *2 (Bankr. N.D. Ga. Oct. 30, 2006)("a trustee's ability to avoid the fixing of a statutory lien is limited). *Section* 545 provides the exclusive grounds on which a trustee may avoid certain statutory liens. *In re Spejcher,* 2006 WL 6592065,

at *2; 5 Collier on Bankruptcy P 545.01 (16th 2018).  Unless the statutory lien meets one of the exceptions in § 545, it may not be avoided.  Section 545 states,

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien--
> (1) first becomes effective against the debtor--
> (A) when a case under this title concerning the debtor is commenced;
> (B) when an insolvency proceeding other than under this title concerning the debtor is commenced;
> (C) when a custodian is appointed or authorized to take or takes possession;
> (D) when the debtor becomes insolvent;
> (E) when the debtor's financial condition fails to meet a specified standard; or
> (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists, except in any case in which a purchaser is a purchaser described in section 6323 of the Internal Revenue Code of 1986, or in any other similar provision of State or local law;
> (3) is for rent; or
> (4) is a lien of distress for rent.

11 U.S.C.A. § 545 (West).  In this instance, USA's statutory hospital lien does not fit any of the exceptions which would permit the Chapter 7 Trustee to avoid its lien.  Therefore, by law, the lien may not be avoided.  *In re Spejcher,* 2006 WL 6592065, at *3.  Having determined that the lien cannot be avoided, the Court must next determine what priority it has.

This Court considers the legislative intent behind implementing § 545.  While the Bankruptcy Code abhors unequal distribution among creditors which disrupts the priority scheme that Congress set out in § 507, the policy considerations behind statutory liens must be considered in determining their relative priority with other creditors.  "The tests of § 545 are designed to determine which statutory liens do not conflict with federal bankruptcy policy."  5

4

Collier on Bankruptcy P 545.01 (16th 2018). "While the variety of statutory liens is extensive, there are certain types of statutory liens that are found in all or nearly all jurisdictions," such as mechanics' liens, materialmen's liens, and hospital liens, all who have contributed to enhancing the value of the debtor's estate. 5 Collier on Bankruptcy P 545.01 (16th 2018). "To withhold protection of such liens in bankruptcy cases would give a windfall to the other creditors." *Id.* Though bankruptcy law generally disallows state-created priorities to upset of the priority scheme set out by Congress in § 507, there are some instances, such as this one, where, because the "interest is effective against competing claimants outside of bankruptcy . . ., nothing in bankruptcy law or policy suggests it should not be effective inside bankruptcy as well." *Id.*

The obvious purpose of the hospital lien law is to give medical care providers a source of compensation for their services from the proceeds of a personal injury settlement. *In re Pohrman,* 146 B.R. 570, 574 (Bankr. D. Or. 1992); *In re Innis,* 181 B.R. 548 (Bankr. N.D. Okla 1995). "To find otherwise would render hospital lien law useless since, in many [instances], a personal injury settlement can be claimed as exempt" in whole or in part under state law, and in turn, creating very limited circumstances wherein a hospital lien would attach to settlement proceeds. *Id.* Other bankruptcy courts which have considered similar issues regarding the assertion and priority of hospital liens have reached the same result: that exempt property is not protected from the enforcement of valid statutory liens. *Id.*

Therefore, having considered the arguments of the parties, the relevant state and federal law, and the record as a whole, this Court finds that USA has a valid statutory hospital lien entitling it to the full amount of settlement proceeds awarded to the Debtor for the injuries she sustained as a result of the said motor vehicle accident.

<u>Alternative Sources of Satisfying a Statutory Hospital Lien</u>

To the extent that Debtor asserts that USA has a duty to satisfy its statutory hospital lien from Debtor's medical insurance policy with Aetna Health and Life Insurance Company, this Court finds that under Alabama law, no such duty exists.  *See Alfa Mut. Ins. Co. v. Univ. of S. Alabama*, 243 So. 3d 264, 269 (Ala. Civ. App. 2015) (reversed on other grounds), *rev'd sub nom. Ex parte Alfa Mut. Ins. Co.*, 243 So. 3d 271 (Ala. 2017) (stating that USA was not required to mitigate its damages because the statute allows for USA to exercise discretion as to whether to accept a release of its lien for any reason).  However, if it can be found that there was a duty for USA to seek recompense of its lien from Debtor's medical insurance policy, this Court finds that USA complied with that duty when it sought payment from Aetna, but coverage was denied because certain information was not timely provided to Aetna by the Debtor concerning the circumstances of the accident.  (*See* Doc. 61-1).

## CONCLUSION

For the foregoing reasons, this Court finds that USA has a valid statutory hospital lien for care rendered to the Debtor as a result of the accident, and is entitled to the full amount of the settlement proceeds in satisfaction thereof.  The Trustee is ORDERED to disburse the full amount of settlement proceeds to USA.  This Court's previous Order (Doc. 54) granting the Debtor a $6,832.50 exemption is hereby fully rescinded and is of no effect.

Dated:  January 30, 2019

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE